Darrell D. Debnam v. FedEx Home Delivery et al. Good morning, members of the panel. James Simpson on behalf of the appellant Darrell Debnam. This is a very succinct appeal, I hope. It's strictly about whether the district court erred in dismissing a Chapter 93A count in a complaint at the motion-to-dismiss stage. Essentially, the complaint itself was brought on behalf of a former delivery driver for FedEx, Darrell Debnam. And in Massachusetts at that time, the FedEx had a system where, for a home delivery, they operated under an independent contractor model. And Mr. Debnam, along with hundreds of other people in Massachusetts, signed operating agreements with FedEx, and the operating agreements purported that they would be independent contractors rather than employees. After the changes in the law, Chapter 149, Section 148B in 2004, Massachusetts had what was called probably the strictest independent contractor test in the country. And his complaint, which was brought, challenged in part his classification as an independent contractor rather than an employee. Mr. Simpson, here's what's puzzling me. After the district court judge gave you signs and then said that he was reading your complaint as only and exclusively pleading a theory that required you to be an employee and not as alternatively pleading any other grounds, right or wrong, why didn't you move for leave to amend your complaint? Well, I believe I took the judge's reading of his decision that the overall gist of my complaint was talking about 148B, which it was. But I believe that the complaint itself still contained enough allegations, sufficient allegations, that if he was to be determined to be not an employee, that his allegations were still sufficient enough to raise a claim under 938. I believe the complaint talked about that he had to purchase routes from other individuals, which was controlled by FedEx. So your answer to Judge Kayada's question is you didn't move for leave to amend because you were willing to take your chances on the complaint the way you had it framed? I didn't. I thought it would be futile, given the judge's decision, that the overall gist of the complaint was focused on 148B. He didn't specifically come out and say, well, the allegations themselves are insufficient under 938. But because you're arguing more towards 148B, although you can plead in the alternative, I'm going to dismiss the complaint. And that was FedEx's sole argument in their motion to dismiss was, hey, he's claiming he was an employee. He can't bring a 938 claim. Where did you say in the complaint that you're pleading in the alternative? I couldn't find that. It's a whole mess. Well, the complaint has many counts on 148B, and it also has a count under, I think it was count 593A, saying that the acts committed by FedEx and their relationship with Mr. Denham were deceptive and unfair. Specifically, the allegations in the complaint were he paid for some routes from other drivers as part of his proprietary zone, and he expanded over time. He had to pay money for these, had to be approved by FedEx. And then when his contract was terminated by FedEx, they took those routes away from him. They didn't compensate them for him. They gave them to other drivers. Those were the gist of his 938 allegations, that in the business context, they were sufficient allegations, at least at the motion to dismiss stage. Now, granted, later on, at summary judgment stage, after a factual record is developed, those might not have been enough. But at the motion to dismiss stage, and again, FedEx's sole argument on the 938 claim was because he was arguing that he was an employee under Manning v. Zuckerman, which I agree with, if that's the case. If ultimately he's going to be determined to be an employee, he would not have a 938 claim. But that wasn't the decision at that time. Eventually, after summary judgment, the judge's district court did rule that he was in a business-to-business relationship with FedEx, and therefore he couldn't bring a 148B claim. So my argument simply is, at that early stage in the proceedings, it was an error for the district court to say, okay, because you're leaning more towards 148B, you can't bring a 938 claim. And that was essentially FedEx's argument. Now they've now argued further in their brief that, well, the allegations themselves are insufficient to even state a claim on a 938. But that wasn't what was brought at the district court level. I believe that the allegations in the complaint were sufficient. If you look at the totality of starting at page 12 of the record and going through, we did speak about FedEx's trade and commerce, the relationship of the operating agreement with Mr. Dedman, the propriety routes that he purchased that had to be approved by FedEx. He complained about some packages being diverted from his service area. The whole program is set up on package delivery and payment per package. And the allegations in the complaint was that he went to them, complained about packages being diverted from his proprietary service area, and he alleged that he was summarily walked off the property later on, and his routes were taken from him, and he wasn't compensated for that. But let's be fair to the district court. The structure of your complaint is you allege a bunch of facts, all right? And then you say these facts all add up to the fact that my client is, that the plaintiff is an employee of the defendant no matter what they are calling him. And then you have a series of causes of action, all right? And those causes of action are very brief because they all refer back to and incorporate the facts. And one of those causes of action is your 93A claim, which says merely that this scenario that I've just laid out violates Chapter 93A. It doesn't really say much more than that, all right? And the problem is it's hard to fault the district court since those factual allegations, the crescendo of those factual allegations is the allegation that these add up to an employment relationship. Correct. For the district court saying, well, what you've given me is a complaint that alleges he's an employee and 93A doesn't apply, and then you don't ask for leave to amend, so you can plead it in the alternative. Well, I agree. It's a judgment call for obviously the district court based on the complaint. And I did have to set out the facts, which I believe supported at the time that he was an employee under Massachusetts law. And the case and the allegations do go to that as well. They're not specifically tailored. It was also a breach of contract, it was rescission, unjust enrichment. But it did have a large factual basis used in conjunction to support a 148B claim. But alternatively, in the event that it was ultimately not determined that he was the employee, a claim under 93A was brought. And I believe that the complaint does contain sufficient facts in a light most favorable to the plaintiff at that stage that would survive a motion to dismiss, specifically given the fact that FedEx didn't specifically move on that issue, that there wasn't sufficient allegations. They merely moved on the correct assumption that if he's an employee, he can't bring a 93A claim. But at the time, FedEx to this day has always said that he wasn't an employee. So that was my argument in opposition that, listen, it's a little early right now. If it's determined ultimately that he is an employee or not an employee, then that will play out as to 148B or 93A. And there was a reply brief followed my opposition. And again, they don't mention 93A. It's simply on other issues. So I think it was a judgment called by the court. I'm arguing that it was an error at that early stage for him to dismiss the 93A claim, just given the fact that it wasn't at that time determined whether or not he was an employee or an independent contractor. We're still searching. And I don't know if it will ultimately make a difference. But we're still – what I hear you say is you have a pleading that you think can be fairly read as pleading not precluding you from going down both routes. And let's say we agree with that. But you're then told that the district court judge reads it differently than you intended it to. Or then perhaps someone else may read it. And actually throws out a claim, more or less sua sponte, based on that. What I'm having trouble with when I think of that scenario, the very next thing that I see in my mind happening is you saying, well, Judge, it was supposed to be alternative, but I see you're not reading it that way. I think you're wrong, but I'm going to move to amend now at the beginning of this case. And we're having trouble understanding why you didn't. Well, my interpretation of the judge's decision is that he believed that, you know, the case was going to fall on whether he was an employee. He was leaning towards 148B. And therefore, an early signal to me was that he was thinking that the case was going to be decided on whether he was strictly an employee. And based on that, I thought it would be futile for me to say, okay, well, I still want to bring a 938 claim, Judge. Even though you said that, you know, I'm demanding if I'm going to claim that he's an employee at the same time, I can't have it both ways. And I think that was we should have been able to argue in the alternative and plead in the alternative, which is what I did solely for that reason, that just in case 148B is not determined, he would still have a claim. Maybe not. After summary judgment, given a more factual record, he'd still have a 938 claim. Thank you. Thank you. Good morning, Your Honors. William Jay from Goodwin-Proctor for FedEx Ground. Mr. Devna made a strategic choice in this case. He opted to stand on his original complaint rather than seek leave to amend. The parties had set a schedule that allowed him more than one year after the district court's decision on the motion to dismiss within which to seek leave to amend. And he didn't take that opportunity. Now, as this court has often said, this court does not sit to review amendments that are never presented to the district court. It can't review a decision denying leave to amend when there's never been a request to amend presented to the district court. Mr. Jay, you make a good point there. So let's focus on whether the original complaint adequately pled the alternative theory. And as I understand it, when you read it and moved to dismiss, you did not move to dismiss on the grounds that it was, as a matter of law, inconsistent with the claim under 938. That's correct, Your Honor. We filed a motion to dismiss many and nearly all of the, I think, 14 counts in the complaint. And necessarily our motion to dismiss focused quite as briefly as possible on each of the possible 12-6 arguments. So you, with your careful motion, did not tumble to the argument that the district court then raised to respond to? No, that's not right, Your Honor. Perhaps I misunderstood the question. We did argue that because the complaint alleged that he was an employee, that this 938 claim could not stand. That is the argument that we made. And what I understand my friend to be saying here is that we didn't argue that, for any other reason, it didn't state a claim under 938. But the argument that was the basis of the district court's decision was the argument that we raised. Let me ask you about the complaint. We have a rule that we don't give the plaintiff the benefit of conclusory allegations in a complaint. We essentially read the complaint as if the conclusory allegations weren't there, and we look at the factual affirmance. If you delete from this complaint the conclusion that he was an employee, the legal conclusion that he was an employee, then isn't the complaint pleading both a 938 and a non-938 claim? And don't they have allegations, for example, buying the truck, how he acquired the business, how your client was characterizing him, that would support that claim? No, for two reasons, Your Honor. Number one, it's the plaintiff's burden to allege, among other things, to state a claim under 938, that he interacted with the defendant in trade or commerce. If he doesn't make that allegation, then he hasn't stated a claim under 938. But isn't that relatively apparent from some of his factual allegations? It's not, Your Honor, because of the special way that Massachusetts uses the phrase in trade or commerce in Chapter 93A. The holding of Manning is that that language is not ordinary English. It is used in a special way to exclude, among other things, employer and employee. I know that, but we're not doing some kind of technical assessment here. We're operating under the plausibility standard, and I look at the conduct that the plaintiff has alleged in the factual elements of the complaint, and to me that forms a plausible basis for a 938 claim. It is clearly commercial in nature. Yes, it's colored a little bit by the plaintiff's conclusory allegation that he's an employee. It's cast in that direction. But do you really have any doubt that if the allegations of employment weren't in the complaint, that the district court would have dismissed that count? Your Honor, I submit that Judge O'Toole would have dismissed the complaint for these two reasons. It's not just the invocation of the word employee. Respectfully, Your Honor, your question suggests that the allegations show that there's a commercial relationship here. But respectfully, that's not enough under Chapter 93A. We know, indeed, and this is my second point, that even some independent contractors cannot sue their business partner under Chapter 93A. So what additional fact would he have had to have alleged that would make it plausible that these transactions occurred in trade or commerce? Well, I think he would have had to allege that he had a business-to-business relationship with FedEx Ground that was not the kind of exclusive relationship that he was alleging. He alleges in the complaint at page 15 of the appendix, for example, that the nature of the relationship between FedEx Ground and its contractors is that they are prevented from offering their services to the general public. And the test under 93A is whether the services are being offered generally by a person for sale to the public in a business transaction. That's a quote from Manning v. Zuckerman. So it is true that our position is that he pleaded himself out of court, but it's not just by using the word employee more than half a dozen times, as he does. It's also the indicia that he gives, factual indicia, about the nature of the relationship between FedEx Ground and its contractors that establish that taking his allegations as true, which of course FedEx Ground did not, but the district court was required to do, that he had the kind of relationship with FedEx Ground that Massachusetts would regard as an intra-enterprise dispute. Like joint venturers, like partners in a partnership, businesses working together toward a common aim, they are not supposed to sue each other under Chapter 93A. So that is why it's not just his invocation of the word employee that matters. It's his failure to plead the element of trader commerce. And if Judge O'Toole misread his complaint and he wanted to cure that deficiency, again, he had ample opportunity to do so. Now, he seems to proceed under the assumption that if he lost on the misclassification and wage claims, then kind of ipso facto, automatically, the other side of the coin is he gets to proceed under Chapter 93A. And that's just not so for the reason I alluded to before, which is that even some independent contractors may not proceed under Chapter 93A. That's the holding of the Benoit case from the Massachusetts courts. And in particular, the reason that he did not prevail on his misclassification and wage act claims was that he failed to establish that he was an individual. That's the key term under Section 148B for purposes of the misclassification and wage statutes. But that has nothing to do with whether he's an employee in the common law sense or whether he's interacting in trader commerce with FedEx Ground. I'll just say a word about why we think the 93A claim doesn't state a claim in any event. This court could affirm on that alternative ground if it chose. And in a nutshell, it's because this is a claim for garden variety breach of contract. Maybe it rises to the level of breach of the obliged covenant of good faith and fair dealing. But as this court has said, you need something more to sue under 93A. You need a higher level of rascality. And there simply is no allegation that can get past 1286 of that. He asserts that he was terminated in retaliation for complaints that he had made. But he doesn't establish, he doesn't plead any plausible facts to show either A, that he was not subject to termination because of his own conduct. In other words, that FedEx Ground was not perfectly justified within the terms of the operating agreement in terminating him. And indeed, he goes so far as to allege that FedEx Ground has the sole authority under the agreement to terminate contractors for cause. He doesn't allege that he was in conformity with the contract. That was necessary even to state a breach of contract claim. The district court threw out his breach of contract claim on that ground. He didn't appeal that. And we think it follows that he can't state a 93A claim, which necessarily requires a higher burden. It's just a conclusory allegation of retaliation, not supported by any plausible factual affirmance. With that, Your Honors, unless the Court has further questions, we'll submit our case. Thank the Court.